**Douglas H. KING**

v.

**BENEFIT TRUST LIFE INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 3, 1991.

Decided Nov. 8, 1991.

Jon Holder, Holder & Grover, Portland, for plaintiff.

Joel C. Martin, Petruccelli, Cox & Martin, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Plaintiff Douglas H. King appeals from a summary judgment of the Superior Court (Cumberland County, *Brodrick, J.*) denying him benefits under an insurance policy issued by the defendant, Benefit Trust Life Insurance Company. On appeal King contends that the term "physician" in his disability insurance policy includes a chiropractor. Because we conclude that the policy term "physician" does not include a chiropractor, we affirm.

King became disabled with a back condition that required him to leave his employment and he applied for disability benefits

---

1. The State should have moved to correct the sentence pursuant to M.R.Crim.P. 35(a).

under his Benefit Trust policy. Since his disability arose, King has been under the care of a chiropractor. The policy provides that no monthly benefits will be paid unless King is "under the personal care of and regularly treated by a physician." Benefit Trust denied King's claim because he did not demonstrate that he was being treated by a physician. The court determined that because chiropractors do not meet the qualifications established by statute for "physicians," King was not entitled to benefits under the contract.

 The contract defines a physician as a "legally qualified physician." Although both physicians and chiropractors have to meet certain licensing qualifications in order to practice, the qualifications are quite different. *Compare* 32 M.R.S.A. § 3271 (1988 & Supp.1990) *with* 32 M.R.S.A. §§ 551, 552 (1988). Indeed, the chiropractic statute itself makes it clear that a chiropractor is a different professional category than a physician. *See* 32 M.R.S.A. § 453 (1988).

In the past we have stated that we "will construe conditions and exceptions of the insurance contract ... strictly against the insurer and liberally in favor of the insured." *Patrons–Oxford Mutual Ins. Co. v. Dodge*, 426 A.2d 888, 891 (Me.1981). In the instant case, however, we find nothing in either the contract or the relevant statutes which expressly or impliedly provides that a chiropractor can be classified as a legally qualified physician. Thus the court correctly determined that treatment by a chiropractor is not the treatment required by the policy.

■ Alternatively, King argues that the insurance statute mandates payment because it abrogates the distinction between chiropractic and medical doctors. Although the statute provides that contracts

covering services of a physician must also cover services provided by a chiropractor, the statute is restricted to health care contracts that provide for payment for medical services.[1] Payment is not required in this case because the disability contract does not provide for payment of medical services; rather, this contract provides a fixed amount of benefits to be paid to the insured for the period an insured is disabled and under the care of a physician.

The entry is:

Judgment affirmed.

All concurring.

---

1. 24–A M.R.S.A. § 2748 (1988) provides in relevant part:

   Coverage for chiropractic services

   1. Therapeutic, adjustive and manipulative services. Notwithstanding any other provisions of this chapter, every insurer which issues health care contracts providing coverage for the services of a "physician" or "doctor" to residents of this State shall provide coverage to any subscriber or other person covered under those contracts for those services when performed by a chiropractor, to the extent that the services are within the lawful scope of practice of a chiropractor licensed to practice in this State. Therapeutic, adjustive and manipulative services shall be covered whether performed by an allopathic, osteopathic or chiropractic doctor.